WILLIAM P. GRAYSON and others *v.* ROBERT B. HOUSTON
and others.

An obligation to pay a certain sum on a particular day, to be discharged by the deli-
very of a slave of a certain value, is an alternative obligation, from which the debtor
may exonerate himself by delivering either of the two things; but he cannot force
the creditor to receive a part of one, and a part of the other. So where the credi-
tor has the election, he cannot take a part of the things to be paid or delivered.

APPEAL by the plaintiffs from a judgment of the Commercial
Court of New Orleans, *Watts,* J.

*Finney* and *Huston,* for the appellants.

*P. W. Farrar,* for the defendants.

GARLAND, J. This action is brought on a note of the defend-
ants, for eleven hundred dollars, to be discharged on a day subse-
quent to its date by the delivery of a negro boy worth eight hun-
dred dollars, to be valued by two disinterested persons.* The de-
fendant Robert B. Houston, by the attorney appointed by the
court for his defence, answers that he is the principal debtor, and
that his co-defendants are his sureties only; that before the ma-
turity of the note he produced a negro boy, who was valued at
seven hundred and fifty dollars, by appraisers, one chosen by the
payee of the note, and another by himself; that he was entitled
to a credit on the note for a sum due to him by the payee; that
he tendered the boy, and a credit on the note, to the payee, who
refused to receive them, and transferred the note with a view to
follow the respondent's crop to New Orleans, where he is obliged
to send it for sale out of the State of Mississippi, in which both
parties reside, and that an attachment has accordingly been levied
on it in New Orleans. The answer concludes by an averment,

---

* The note was in these words:

"$1100.              Due M. D. Haynes, eleven hundred dollars, on the 10th day of
January next, which can be discharged with a negro boy worth eight hundred dollars,
to be valued by two disinterested persons.

Nov. 20th, 1841.                        R. B. HOUSTON,    [SEAL]
                                        JAS. P. DUNN,     [SEAL]
                                        J. N. HOUSTON,    [SEAL]"

that the boy has ever since remained in the possession of the respondent, ready to be delivered to the payee or holder of the said note. The defendant, John N. Houston, pleaded the general issue. The other defendant, Jas. P. Dunn, did not answer, and it does not appear that any of his property was attached. The first judge was of opinion, that the principal obligor had established that he produced a negro boy, who had been appraised at seven hundred and fifty dollars, and that he was entitled to a credit on his note for fifty dollars. He was also of opinion, that, if the parties were within the jurisdiction of the court, it would be equitable to allow the debtor a reasonable time and place to make the tender; and he thought the latter ought not to be deprived of this advantage, in consequence of having been sued out of the state in which he resides. He thereupon made an interlocutory decree, allowing time for the delivery of the boy, at the expiration of which, judgment was to be entered against the plaintiffs, if the delivery was made, and for them if it was not.

The evidence shows, that about the time when the note fell due, it was presented to R. B. Houston at Oxford, in Mississippi, where he then was, having brought a slave from his plantation for the purpose of discharging it. The slave was appraised at seven hundred and fifty dollars, by persons chosen by Houston and one Butler, who acted as the agent of Haynes, the obligee in the note, and was instructed to receive such a negro as was specified. After this appraisement, it does not appear that Houston requested Butler to take the negro and give up the note. On the contrary, he stated that a credit must be allowed on the note for fifty dollars, which Haynes owed him, and that he would take the negro, who had been appraised, back again to his plantation, and give Haynes another when he came up, at which time they would settle the whole matter, and he would pay hire for the slave if required. To the negro's being taken back to the plantation, Butler says that he assented, or made no objection, because he did not intend to receive him, as he was not appraised at eight hundred dollars, and no tender of him had been made. Since that time, it does not appear that the defendant has made any effort to discharge his obligation; and the slave remains in his possession.

The obligation contracted in this case is an alternative one.

The debtor binds himself to pay a certain sum of money, or to deliver a slave of a certain value. He had his choice which of the two he would perform, and, perhaps, had it until the time of the trial of the case, but he has failed to make the election, and the obligee now asserts the right to choose which obligation he will enforce, and claims the money stipulated to be paid.

The defendant has made no such tender or attempt to fulfil his obligation as will discharge him. The claim which he sets up, to give a negro worth seven hundred and fifty dollars, and compensate the balance of the demand, is inadmissible. He has shown no such right, according to the law of the place where the contract was made, and clearly he has none such according to our law. The Civil Code, article 2064, declares that the debtor may exonerate himself by delivering one of the two things promised, but that he cannot force the creditor to receive a part of one and a part of the other. Pothier, in his Treatise on Contracts, No. 247, says, that in such a case the debtor has the election which of the things he will pay, but that he cannot pay parts of each. As, if a man promises to pay twenty crowns, or to deliver an *arpent* of land, he cannot discharge himself by paying half the money and delivering half the land. So where the creditor has the election, he cannot take a part of the different things to be paid or delivered.

If the debtor in this case, had a right to discharge his obligation, by delivering a slave worth \$750, and by compensating the balance of the \$800, he could, upon the same principle, deliver a slave worth \$400, and compensate or pay \$400 more, and thus discharge himself. This he cannot do.

We think the inferior court erred in the judgment it rendered. Such a decree it seems to us never could be executed, and lays the foundation for further litigation. If the plaintiffs did not make out their case, a nonsuit should have been entered or final judgment rendered; and if the defendants have not discharged their obligation, they should be condemned.

As no judgment has been rendered for or against the garnishees, and that as to the plaintiffs is erroneous, we think the best course to pursue is to remand the case for a new trial.

The judgment of the Commercial Court is, therefore, annulled

and reversed, and the case remanded for a new trial, with directions to the judge, in the trial thereof, to conform his judgment to the principles herein expressed, and otherwise to proceed according to law ; the appellees paying the costs of the appeal.